IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Michael and Cristie Walker,

    Plaintiffs,

v.

The United States of America, Jasmine Laquanmoyea Thomas, and Pamela Machelle McKinnon,

    Defendants.

Civil Action No:
5:23-cv-00053-BO-BM

**Consent Protective Order**

Based on the stipulation of the parties to this action that certain discovery material is and should be treated as confidential and have requested that the Court enter this protective order, it is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests:

    1.    Counsel for any party or any non-party responding to a subpoena may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information." The parties

further consent and stipulate that all of Jasmine Laquanmoyea Thomas's medical records shall be considered confidential.

2. Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within 14 days after receipt of the transcript.

3. Unless otherwise ordered by the Court, or otherwise provided in this Consent Protective Order, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

4. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

5. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

6. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The parties to this litigation and their counsel of record in this litigation;

    b. Employees of such counsel in the litigation;

c. Consultants or experts to the extent deemed necessary by counsel;

   d. Persons shown on the face of the Confidential document to have authored the document or his/her/their employer;

   e. Court reporters retained to transcribe testimony;

   f. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information;

   g. Employees and/or agents of outside vendors retained by counsel of record for assistance with this litigation, including messenger, copy, coding, document collection, document processing, other clerical-services vendors, or those retained by a party to provide assistance as mock jurors or focus group members or the like; and

   h. The Court or the jury at trial or as exhibits to motions.

7. Prior to disclosing or displaying the confidential information to any person, counsel shall:

   a. Inform the person of the confidential nature of the information or documents; and

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

8. The confidential information may be displayed to and discussed with the persons identified in Paragraph 6(c), (f), and (g) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9. If a party intends to file any material designated by another party as confidential, the filing party must notify the designating party and request whether the designating party desires the confidential information to be sealed. The filing party shall then follow the procedures for sealing contained in E.D.N.C. Local Civil Rule 79.2 and Section V.G.1.e. of the CM/ECF Policy Manual.

10. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

11. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

12. This Order shall take effect when entered and shall be binding upon all counsel in this action and their respective law firms and clients.

IT IS SO ORDERED.

This the 15 day of April, 2024.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

**AGREED TO BY:**

/s/ Benjamin Chesson
Benjamin S. Chesson, N.C. Bar # 41923
David N. Allen, N.C. Bar # 9095
Anna C. Majestro, N.C. Bar # 50850
ALLEN, CHESSON & GRIMES PLLC
505 N. Church St.
Charlotte, NC 28202
Telephone: 704.755.6010
bchesson@allenchesson.com
dallen@allenchesson.com
dgrimes@allenchesson.com
amajestro@allenchesson.com

*Attorneys for Plaintiffs Michael and Cristie Walker*

/s/ Sharon Wilson
Sharon C. Wilson, NC Bar #18435
Assistant United States Attorney
Civil Division
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, NC 27601-1461
Telephone: (919) 856-4026
E-mail: Sharon.wilson2@usdoj.gov

*Attorney for Defendant the United States*

/s/ Steven Lawrence
Steven Lawrence, NC Bar #12464
109 Broadfoot Avenue
P.O. Box 53945
Fayetteville, NC 28305
slawrence@andersonjohnson.com

*Attorney for Defendants Thomas and McKinnon*

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | |
|---|---|
| Michael and Cristie Walker,<br><br>                Plaintiffs,<br><br>v.<br><br>The United States of America, Jasmine Laquanmoyea Thomas, and Pamela Machelle McKinnon,<br><br>                Defendants. | Civil Action No:<br>5:23-cv-00053-BO-BM |

    I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" are confidential by Order of the Court.

    Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

Name: _____

Signature: _____

Address: _____

Dated: _____

6